IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

   v.            Case No. 98-50029-002

JOE LOUIS MENDOZA                                           DEFENDANT

   and

UNITED STATES OF AMERICA                                    PLAINTIFF

   v.            Case No. 99-50015-001

JOE LOUIS MENDOZA                                           DEFENDANT

**O R D E R**

Now on this 5th day of October, 2005, comes on for consideration defendant's **Motion Requesting A Copy Of Affidavit For Search Warrant And The Search Warrant** (filed as document #144 in case number 98-50029 and document #42 in case number 99-50015-002), and from said motion, and a review of defendant's case files, the Court finds and orders as follows:

1.   Mendoza asks that he be provided with copies of the Affidavit for Search Warrant, and the Warrant itself, regarding a search of the premises at 1910 South "K" Street, Rogers, Arkansas, on or about January 14, 1999.  He represents to the Court that good cause exists to grant his motion because he "was directly affected by the execution of the warrant" and he "also needs this material for future use to

proceed in his case on habeas corpus."

2. The files of case number 98-50029 and case number 99-50015 reflect that the charges in 98-50029 were dismissed as against defendant after he pled guilty to the charges in 99-50015. Sentence in 99-50015 was pronounced on August 19, 1999. There was no appeal.

On August 28, 2000, defendant filed a motion pursuant to **28 U.S.C. §2255,** which related to the proceedings in 99-50015. That motion was dismissed by Order of this Court on January 16, 2002.

3. **28 U.S.C. §2255,** the federal habeas corpus statute, includes a one-year statute of limitations, and provides that a second or successive habeas corpus motion cannot be filed unless a panel of the appropriate court of appeals certifies that it is based on newly discovered evidence of innocence or a new rule of constitutional law made retroactive to cases on collateral review.

Given defendant's guilty plea, the Court finds no reason to believe that he could obtain such certification based on "newly discovered evidence of innocence." Defendant does not suggest any new rule of constitutional law made retroactive to cases on collateral review which would apply to his case, nor is the Court aware of such. There is, thus, no reasonable expectation that defendant could obtain certification on that basis. Without certification, defendant could make no use of

the documents he seeks, and the motion requesting them will, therefore, be denied.

**IT IS THEREFORE ORDERED** that defendant's **Motion Requesting A Copy Of Affidavit For Search Warrant And The Search Warrant** (filed as document #144 in case number 98-50029 and document #42 in case number 99-50015-002) is **denied.**

**IT IS SO ORDERED.**

                                                          **/s/ Jimm Larry Hendren**
                                                          **JIMM LARRY HENDREN**
                                                          **UNITED STATES DISTRICT JUDGE**