IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | PLAINTIFF |
| v. | Crim. No. 98-50029-002 | |
| | Crim. No. 99-50015-001 | |
| JOE LOUIS MENDOZA | | DEFENDANT |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the motion of Joe Louis Mendoza for return of property under Fed. R. Crim. P. 41 (g). The United States contends the motion is untimely.

On November 19, 1998, an indictment was filed charging Mendoza and others with drug crimes. On April 5, 1999, Mendoza waived indictment and pled guilty to an information charging him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a), *United States v. Mendoza*, 99-50015-001.

Prior to sentencing, the government moved for a downward departure pursuant to § 5K1.1 based on Mendoza's substantial assistance to the government and also moved to dismiss other charges contained in the indictment. The District Court granted the motions and, on August 24, 1999, sentenced Mendoza to 200 months imprisonment, $17,500 fine, five years supervised release, and $100 special assessment. Mendoza took no appeal. As of June 1, 2006, Mendoza owed $17,038.33 on the fine. (Govt's Supp. Response, Ex. N).

On July 7, 2005, Mendoza filed a motion for a copy of an affidavit for search warrant and warrant involving his former residence on South "K" Street in Rogers, Arkansas. Mendoza stated he wanted the material for use in a future habeas corpus action. (Doc. 144). Judge Hendren denied

the motion on October 5, 2005, finding that Mendoza had already filed one motion under 28 U.S.C. § 2255 and there was no reason to believe he would receive permission from the Eighth Circuit to file a second such motion. (Doc. 145). Mendoza appealed and, on March 23, 2006, the Eighth Circuit denied him authorization to file a second habeas corpus action.

On December 5, 2005, Mendoza prepared the instant motion for return of property under Rule 41(g) regarding items taken from his former place of residence on South "K" in Rogers. The motion was filed on December 12, 2005. Mendoza states in the motion that he did not receive a copy of the warrant or receipt of property as required by Rule 41(f). (Doc. 50).

In early 1999, two search warrants were issued that involved Mendoza. The United States has provided as exhibits copies of the affidavits, warrants, lists of property taken and the disposition of the property. In its supplemental response, the United States summarizes property taken and its disposition. (Supp. Motion, at 6-9).

The search warrant for the South "K" residence issued on January 14, 1999. The affidavit in support alleged that Mendoza and others were involved in a methamphetamine distribution organization. The warrant authorized seizure of property to include contraband, illegal controlled substances, items used in packaging and distributing controlled substances, firearms and other weapons; paperwork or electronic entries indicating drug activity, currency, precious metals and financial instruments; indicia of occupancy of the premises. The warrant was executed on January 19, 1999. The return lists the various items seized from the residence and states that a copy of the warrant and the receipt for the items was left with "Jail property of Joe and Crystal Mendoza."

The report of investigation of DEA Task Force Officer Lance King (Govt.'s Supp. Response, Ex. I) states that when officers arrived at the residence for the search, they knocked and no-one

answered. Forcible entry was made through the front door and officers yelled, "Police, Search Warrant" while entering. During the execution of the search warrant, Mendoza was arrested on a federal warrant charging him with conspiracy to distribute methamphetamine and his wife was arrested on a state charge of conspiracy to distribute methamphetamine.

The second warrant involved Mendoza's former place of business on Butterfield Coach Road in Springfield, Arkansas, which contained a business known as L.C. Customs Autobody and Classic Car Restoration. The warrant was issued on January 19, 1999, and executed the next day. The return shows the various items seized from the business and indicates that a copy of the warrant and the receipt for items taken were left with Chad Mason, who is an attorney.

In this action, Mendoza specifically requests return of the following property taken from the residence and listed on the return: $880.00 in currency, bank deposit slip, cellular telephone, police scanner, and nine firearms. Mendoza also requests the return of unlisted items: $1,500.00 allegedly taken from his person at the time of arrest and pictures and certificates allegedly taken from the body shop and not returned. (Mendoza's Response to Questionnaire, page 4).

The United States contends the motion for return of property is barred by the statute of limitations. Rule 41(g) states: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." "When an owner invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." *United States v. Howell*, 425 F.3d 971, 973 (11th Cir. 2005). Such actions are subject to the six year statute of limitations found in 28 U.S.C. § 2401(a). ("[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action

first accrues.") *See United States v. Machado*, ___F.3d ___, 2006 WL 2796474 *5 (11th Cir. 2006) (citing *United States v. Sims*, 376 F.3d 705, 708-09 (7th Cir. 2004); *United States v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004); *United States v. Minor*, 228 F.3d 3352, 359 (4th Cir. 2000); *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000)).

In cases such as this one where no forfeiture action is filed, the claimant's cause of action accrues at the conclusion of the criminal proceedings for it is at this time that the claimant/defendant knows he has a right to return of the property. *See Sims*, at 708; *United States v. Rodriguez Aquirre*, 264 F.3d 1195, 1212 (10th Cir. 2001). On the other hand, where a forfeiture action is filed, the cause of action accrues when the claimant was on reasonable notice concerning the forfeiture. *See, e.g., Wright*, 361 F.3d at 290.

The criminal proceeding against Mendoza was completed when he was sentenced on August 24, 1999. Thus, the six-year statute of limitations expired on August 24, 2005. Mendoza's motion for return of property was not prepared and signed until December 5, 2005, over three months after the limitations period expired.

I requested that Mendoza complete a questionnaire to explain why he failed to file a motion for return of property within six years of the conclusion of the criminal proceedings. Mendoza contends that he needed a copy of the affidavit for search warrant and search warrant before he could prepare the motion but his attempts to obtain these documents were thwarted. Movant attaches copies of letters to the Clerk of Court dated April 4 and May 31, 2005, requesting a copy of the affidavit for search warrant and search warrant for the South "K" residence and a June 3, 2005, letter from the Clerk's Office advising him he would need to file a motion with the court setting out good cause. Mendoza also attaches his July 7, 2005, motion for a copy of the affidavit for search warrant

and search warrant in which he states that good cause exists because he was "directly affected by the execution of the warrant" and needed the "material for future use to proceed in his case on habeas corpus." As explained above, the district court denied the motion.

Here, Mendoza knew at the conclusion of his criminal proceedings that his property had not been returned to him. When he attempted early in 2005 to obtain the affidavit for search warrant and search warrant involving his residence, he advised the judge he needed the documents to prepare a second habeas action, not to prepare a motion for return of property. In fact, Mendoza prepared the instant motion without the requested documents and I find they were unnecessary prior to preparation of the motion. I conclude that Mendoza's motion for return of property is barred by the six-year limitations period applicable to the motion.

The United States further contends that if the court should find this action timely, the $880.00 (not $1,500.00) in monies seized from Mendoza at arrest should be applied to his outstanding fine; the bank deposit slip and police scanner are available for return but it is unlikely the Bureau of Prisons will allow Mendoza to have the scanner while he is incarcerated the next several years; and, the nine firearms should not be returned to a felon who is barred by law from possessing firearms, citing an order of Hon. Jimm Larry Hendren in which such a request was denied. (Govt's Reply to Defendant's Questionnaire, Ex. F). Since I have found this matter is time-barred, I will not consider and make a recommendation on these matters.

Accordingly, I conclude that the instant action is barred by the applicable six-year statute of limitations and recommend that this action be dismissed with prejudice on this basis. **The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result**

**in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 13th day of October 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE