**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                           **PLAINTIFF**

    **v.**                **Case No. 98-50029-002**

**JOE LOUIS MENDOZA**                                 **DEFENDANT**

    **and**

**UNITED STATES OF AMERICA**                           **PLAINTIFF**

    **v.**                **Case No. 99-50015-001**

**JOE LOUIS MENDOZA**                                 **DEFENDANT**

### O R D E R

Now on this 21st day of November, 2006, comes on for consideration the **Magistrate Judge's Report And Recommendation** (document #71[1]), and defendant's **Objections To The Magistrate Judge's Report And Recommendation** (document #73), from a review of which the Court finds and orders as follows:

1. Pending before the Court is defendant's **Motion For The Return Of Property** (document #50). This motion is brought pursuant to **F.R.Cr.P. 41(g),** and alleges that certain property seized in a search of defendant's residence should be returned to him because he was not given a copy of the search warrant,

---

[1] The files of case number 98-50029 and case number 99-50015 reflect that the charges in 98-50029 were dismissed as against defendant after he pled guilty to the charges in 99-50015. The Court has, therefore, referred only to the document numbers in case number 99-50015.

nor was one left at the searched premises.

2. The matter was referred to the Magistrate Judge for report and recommendation. The Magistrate Judge reported:

* that defendant pled guilty to the criminal charges against him and was sentenced on August 24, 1999;

* that defendant took no appeal; and

* that a civil action for the return of property under **F.R.Cr.P. 41(g)** has a six-year statute of limitations, as provided in **28 U.S.C. §2401(a)**, which begins to run -- where, as here, no forfeiture action is involved -- at the conclusion of criminal proceedings, **U.S. v. Sims**, **376 F.3d 705 (7th Cir. 2004)**.

The Magistrate Judge concluded that August 25, 2005, would have been the last date on which defendant could have properly filed a civil claim for return of property under **F.R.Cr.P. 41(g)**. Accordingly, because defendant's claim was not filed until December 12, 2005, the Magistrate Judge recommended that it be dismissed as time-barred.

3. Defendant does not contest any of the foregoing, but points out that he made multiple attempts to obtain a copy of the search warrant, the inventory of property seized, and the affidavit in support of the warrant. He argues that "it would only be logical that someone who was effected [sic] by the execution of a search warrant, or did not receive a copy of the warrant, or a receipt of the property, would seek relief

under a rule 41 motion or in relation to it."

While the Court does not disagree with this argument, it provides no basis to avoid the bar of the appropriate statute of limitations governing the claim defendant now seeks to assert. Defendant does not explain how the fact that he did not have copies of these documents would have prevented him from filing the motion now under consideration. The record clearly shows that defendant was present when the property in question was seized and then knew everything he now knows about whether the seizure was pursuant to a search warrant and whether he was then provided a copy of same.

4. Defendant also contends that he was "confused" by a letter he received from the Court Clerk dated June 3, 2005, to the effect that "the records on petitioner's cases did not include a search warrant, but that this warrant that petitioner believed that was filed could be under seal until an indictment or information was filed involving that search warrant."

While defendant may have been confused by the letter in question, the Court does not believe he was confused about what had transpired with respect to the seizure of the property about which he now complains. He knew that his home had been searched (he was there); he knew that a substance suspected to be methamphetamine had been seized (it was in his pocket); and he knew that he was charged with possession of

methamphetamine (he pled guilty to the charge)[2]. Thus, regardless of what the letter may have said and regardless of whether the warrant for that search was under seal, the defendant was aware of all the facts and other information needed to file the motion now under consideration, as far back as 1999. Accordingly, the Court finds no merit in this contention.

5. Finally, defendant objects that he was "under the impression from the letter by the Court Clerk that if the warrant was under seal the statute of limitations would start to run after the warrant was unsealed."

The letter in question states that the records in defendant's two cases do not include a search warrant, and encloses a copy of General Order 7, which provides that all papers in connection with an executed search warrant are maintained in a "miscellaneous confidential file containing

---

[2] The history of Mendoza's arrest and prosecution may be briefly summarized as follows:
   On October 8, 1998, LC Customs, an automobile body shop owned by Mendoza and a partner, was searched pursuant to a warrant issued that same date. About three pounds of a substance suspected of being methamphetamine was among the items seized.
   An Indictment was returned against Mendoza on November 19, 1998, charging him with conspiracy to distribute methamphetamine. This Indictment was filed in case number 98-50029. On January 15, 1999, a warrant was issued for Mendoza's arrest on the charge.
   On January 20, 1999, Mendoza's residence located at 1910 "K" Street, Rogers, Arkansas, was searched. Syringes and a plastic bag containing a "rock" of compressed brown powder suspected of being methamphetamine were among the items seized. The "rock" was found in Mendoza's pants pocket. During the execution of the residential search warrant, Mendoza was arrested on the arrest warrant.
   A superseding Indictment was issued on March 3, 1999, charging Mendoza with one count of conspiracy to distribute methamphetamine and two counts of actual distribution.
   On April 5, 1999, the day Mendoza's trial was to begin, he was charged by Information with possession with intent to distribute methamphetamine. The Information was given case number 99-50015. That same day, Mendoza waived indictment and pled guilty to the Information. The Indictment against Mendoza in case number 98-50029 was later dismissed.

the warrant and all other papers until an indictment or information is filed."

While the foregoing information might well be confusing to someone who had not been involved in the case, the Court rejects the notion that it would have generated a degree of confusion in defendant's mind sufficient to excuse his failure to assert his claim within a six year statute of limitations period. As noted in paragraph 4, defendant knew -- the day it happened -- of the search of his home; he knew -- the day it occurred -- of the seizure of his property; and he knew the details of the criminal charges he had been brought to face. Specifically, he knew that the legal proceedings related to those charges had been finally concluded when he pled guilty and was sentenced and did not appeal.

While the point at which the statute of limitations on a claim for return of property under **F.R.Cr.P. 41(g)** (for property which was not the subject of a forfeiture action) is not settled in the Eighth Circuit, two other circuits have considered the issue.

The Seventh Circuit holds that the statute on such claims begins to run "from the conclusion of the criminal proceedings or civil forfeiture proceedings, or, if no such proceedings are instituted, from the expiration of the statute of limitations for filing the criminal or civil forfeiture case. . . ." **U.S. v. Sims**, **376 F.3d 705, 709 (7th Cir. 2004).**

The Tenth Circuit holds that the limitations period for a Rule 41(g) motion "seeking the return of property that has been seized in conjunction a criminal investigation, but against which the government has not instituted forfeiture proceedings, begins to run at the conclusion of the government's criminal proceedings against the defendant." **U.S. v. Rodriguez Aguirre**, **264 F.3d 1195, 1213 (10th Cir. 2001)**.

In this case, defendant's criminal proceedings were finally concluded ten days[3] after the entry of Judgment And Conviction on August 25, 1999. Defendant was so advised at the time sentence was pronounced and there is no contention that he experienced any confusion about that. His Motion For The Return Of Property was filed on December 12, 2005 -- more than six years after the conclusion of those proceedings. The Court perceives no sound reason why it should not hold -- consistent with the foregoing authorities -- that defendant's claim is barred by the statute mentioned.

6. In the absence of any persuasive reason why the statute of limitations should not be applied to defendant's claim, the Court will so hold.

7. The Court, therefore, concludes that defendant's objections to the Report And Recommendation should be overruled; that the said Report and Recommendation is sound in

---

[3] The time period following entry of Judgment during which any Notice of Appeal must be filed.

all respects both as to fact and law; that it should be approved and ordered implemented; and that, therefore, defendant's said **Motion For Return of Property** (document #50) should be denied.

**IT IS THEREFORE ORDERED** that defendant's objections to the Report And Recommendation should be, and they hereby are, **overruled**; and that the said Report and Recommendation should be, and it hereby is, **approved** and ordered implemented; and

**IT IS FURTHER ORDERED** that, for the reasons stated in the **Magistrate Judge's Report And Recommendation**, defendant's **Motion For The Return Of Property** (document #50) is **denied**.

**IT IS SO ORDERED.**

                                         /s/ Jimm Larry Hendren
                                         **JIMM LARRY HENDREN**
                                         **UNITED STATES DISTRICT JUDGE**